United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 19-15326-mdc
Stacey G Lievens                                                        Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1           Date Rcvd: Mar 11, 2020
                              Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 13, 2020.
db              +Stacey G Lievens,   513 South Old Middletown Rd,   Media, PA 19063-4909

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 13, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 11, 2020 at the address(es) listed below:
      JEANNE MARIE CELLA    on behalf of Debtor Stacey G Lievens paralegal@lawjmc.com, pennduke@gmail.com
      KEVIN G. MCDONALD    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
      REBECCA ANN SOLARZ    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                              TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stacey G. Lievens aka Stacey G Canfield fka Stacey Green Canfield<br>Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>Movant<br>vs. | NO. 19-15326 MDC |
| Stacey G. Lievens aka Stacey G Canfield fka Stacey Green Canfield<br>Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through March 16, 2020.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due April 16, 2020 in the amount of $502.72.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

Date: February 28, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: MARCH 3, 2020

Stacey G. Lievens aka Stacey G Canfield fka Stacey Green Canfield
Debtor

Date: 3/3/00

Jeanne Marie Cella, Esquire
Attorney for Debtor

Date: 3/6/2020

William C. Miller, Esquire
Chapter 13 Trustee

**NO OBJECTION**

Approved by the Court this 11th day of March, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge